J-S60022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL D. HARPER | |
| Appellant | No. 3634 EDA 2015 |

Appeal from the PCRA Order October 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1002831-2003

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 17, 2016**

Samuel D. Harper appeals, *pro se*, from the order entered October 30, 2015, in the Philadelphia County Court of Common Pleas dismissing, as untimely filed, his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Harper seeks relief from the judgment of sentence of an aggregate term of life imprisonment imposed on February 16, 2005, after a jury found him guilty of first-degree murder[2] and related offenses for the shooting death of his wife.  On appeal, Harper contends (1) the PCRA court erred in dismissing his claim of after-discovered evidence

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 42 Pa.C.S. §§ 9541-9546.

[2] *See* 18 Pa.C.S. § 2502(a)(1).

without first conducting an evidentiary hearing; (2) his mandatory sentence of life imprisonment is unconstitutional pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) and its progeny; and (3) trial counsel rendered ineffective assistance by advising him to waive his appellate rights, post-trial, in exchange for the Commonwealth's decision not to seek the death penalty. For the reasons below, we affirm the order denying PCRA relief.[3]

The relevant facts and procedural history underlying Harper's appeal are summarized by the PCRA court as follows:

> On February 15, 2005, following a jury trial, [Harper] was convicted of first-degree murder, possessing an instrument of crime and carrying a firearm without a license.[2] On February 16, 2005, [Harper] entered into an agreement with the Commonwealth whereby the Commonwealth would not seek the death penalty and [Harper] would be sentenced to life imprisonment in exchange for his waiver of his direct appeal, post-conviction, and *habeas corpus* rights. After the trial court conducted a waiver colloquy, [Harper] was sentenced to life imprisonment for the murder conviction and lesser concurrent sentences for the remaining charges. In a letter to the trial judge dated February 21, 2005, [Harper] sought to withdraw his agreement. [He] thereafter filed an untimely notice of appeal (dated April 3, 2005) in December 2005.

_____

[2] *See* 18 Pa.C.S.A. §§ 2502(a)(1), 907, 6106.

_____

_____

[3] Although we conclude, *infra*, that one of Harper's issues overcomes the PCRA's time-bar, "we may affirm the PCRA court's order on any basis." ***Commonwealth v. Reed***, 107 A.3d 137, 144 (Pa. Super. 2014).

On June 1, 2006, [Harper] filed his first PCRA petition. Counsel was appointed. On May 24, 2007, counsel filed a *Turner/Finley*[3] no-merit letter. The PCRA court dismissed his petition as untimely on July 10, 2007, and permitted counsel to withdraw. The Superior Court affirmed the dismissal on March 27, 2009.[4] [Harper] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

_____

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] *Commonwealth v. Harper*, 972 A.2d 553 (Pa. Super. 2009) (unpublished memorandum).

_____

On August 6, 2012, [Harper] filed the instant *pro se* PCRA petition, his second. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Harper] was served notice of the lower court's intention to dismiss his petition on September 14, 2015. On October 30, 2015, the PCRA court dismissed his petition as untimely. On December 1, 2015, the instant notice of appeal was filed to the Superior Court.

PCRA Court Opinion, 1/5/2016, at 1-2.

Preliminarily, we must address the timeliness of this appeal since the PCRA court suggests the notice of appeal may have been untimely filed. **See id.** at 2 n.5. Our review of the record reveals the October 30, 2015, order dismissing Harper's petition was not mailed to the parties until November 2, 2015. **See** Docket Entry, 10/30/2015. Therefore, Harper had until December 2, 2015, to file a timely notice of appeal. **See** Pa.R.A.P.

- 3 -

108(a)(1); 903(a). Accordingly, his notice of appeal, which is time-stamped December 1, 2015, was timely filed.[4]

Before we consider the issues Harper raises on appeal, we first emphasize that after he was convicted, Harper entered into an agreement with the Commonwealth whereby he waived all his appellate rights in order to avoid the death penalty. **See** Written Agreement Colloquy, 2/16/2005. The validity of Harper's waiver was upheld by this Court on appeal from the denial of his first PCRA petition. **See Harper**, **supra**, 972 A.2d 553 (unpublished memorandum at 4-5). **See also Commonwealth v. Barnes**, 687 A.2d 1163 (Pa. Super. 1996) (finding defendant's agreement to relinquish post-trial review rights was entered into knowingly, voluntarily and intelligently; thus, agreement was valid), *appeal denied*, 693 A.2d 585 (Pa. 1997). Furthermore, none of the claims raised in his present PCRA petition undermine the validity of his agreement. Accordingly, on this basis alone, we could find Harper's PCRA petition fails.

Nevertheless, we will consider the petition before us, which the PCRA court found to be untimely filed.[5] Indeed, it is axiomatic that:

---

[4] The PCRA court did not direct Harper to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[5] Our review of an order dismissing a PCRA petition is well-established: we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). "Great deference

*(Footnote Continued Next Page)*

The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

*Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Harper's judgment of sentence was final on March 18, 2005, 30 days after sentence was imposed, and Harper failed to file a direct appeal. *See id.* at § 9545(b)(3). Therefore, he had until March 18, 2006, to file a timely petition, and the one before us, filed six years later, was manifestly untimely. *See Harper*, *supra*, 972 A.2d 553 (unpublished memorandum at 5) (finding Harper's first PCRA petition was untimely).

However, the PCRA provides that an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions: (1) interference by government officials, (2) newly discovered evidence, or (3) a newly-recognized constitutional right which had been applied retroactively. *See* 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

We note that Harper does not directly address the timeliness of his petition in his brief. However, in his PCRA petition, he attempted to invoke the newly discovered facts exception, set forth in subsection (b)(1)(ii), by attaching to his petition a newspaper article that stated the investigating homicide detective assigned to his case, Detective Kenneth Rossiter, was dismissed from his position in the Philadelphia Police Department for submitting fraudulent overtime hours. *See* Motion for Post Conviction Relief, 8/6/2012, at 3. Harper maintained this disciplinary action supported his claim that Detective Rossiter tampered with witnesses and withheld exculpatory evidence in investigating the murder of his wife. ***See id.*** Furthermore, he asserted the article was published on June 19, 2012, less than 60 days before he filed the instant PCRA petition on August 6, 2012. ***See*** Motion for Post Conviction Relief, 8/6/2012, attachment. ***See also*** Amended Petition Under the Post Conviction Collateral Relief Act, 4/9/2013, at 10-11. In his brief, Harper contends the PCRA court erred in failing to conduct an evidentiary hearing so that he could "establish the relevance of Detective Rossiter's testimony."[6] Harper's Brief at 8.

_____

[6] Because of our ultimate disposition, we have considered Harper's *pro se* filings very liberally.

First, we find the newspaper article satisfies the newly discovered evidence exception to the time-bar. This Court has explained there are two components to the exception:

> Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (quotation omitted). Here, Harper asserts, albeit unartfully, the fact that Detective Rossiter was being investigated for fraud was unknown to him, and he could not have discovered that fact by the exercise of due diligence. *See* Objection to the Pa.R.Crim.P. 907 Notice of Dismissal, 10/1/2015, at ¶ 9 (noting the Commonwealth did not inform Harper during trial that the detective was being investigated or that his credibility was "questionable").

Nonetheless, "[i]t is possible for a petitioner to plead and prove the newly-discovered fact exception, which gives the PCRA court jurisdiction and permits it to consider the petition on the merits, and then ultimately fail on the merits of an after-discovered evidence claim." *Brown*, *supra*, 141 A.3d at 500. That is where Harper's argument ultimately misses the mark.

In order to obtain collateral relief based on newly-discovered evidence, the petitioner must establish:

> (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004). Here, the PCRA court found that Detective Rossiter's dismissal would not have changed the outcome of the trial. The court explained:

> Even if [Harper] established jurisdiction, his "newly-discovered evidence" claim is meritless. Detective Rossiter's dismissal was subsequently determined to have been improper and he was reinstated in April 2013. See http://articles.philly.com/2013-04-06/news/38309790_1_drug-kingpin-alleged-overtime-abuse-kaboni-savage. Specifically, the arbitrator determined that there was insufficient evidence of wrongdoing. *Id.* [Harper] failed to demonstrate that the fact that Detective Rossiter was unjustifiably dismissed would have altered the outcome of his trial.

PCRA Court Opinion, 1/5/2016, at 5 n.7. We agree. Moreover, we also note the detective's dismissal for overtime fraud would have been used solely to impeach his credibility. Accordingly, while these allegations overcome the PCRA's time-bar, they do not support Harper's claim for relief.

Next, Harper argues his life sentence, imposed pursuant to 42 Pa.C.S. § 9711, is unconstitutional under the United States Supreme Court's decision in *Alleyne*, *supra*.[7] However, the *Alleyne* decision does not satisfy any of the exceptions to the time-bar. Indeed, this Court has "expressly rejected

---

[7] In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, *supra*, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes are unconstitutional. *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).

the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). Moreover, in ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court definitively held "***Alleyne*** does not apply retroactively to cases pending on collateral review," so that it also fails to satisfy the "new constitutional right" exception. ***See*** 42 Pa.C.S. § 9545(b)(1)(iii) (providing exception to one-year filing requirement when petitioner proves "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.") (emphasis supplied). Because he cannot overcome the PCRA's time-bar with respect to this issue, Harper is, once again, entitled to no relief.[8]

_____

[8] We note that in various filings, Harper attempted to overcome the time-bar by citing to the United States Supreme Court's decisions in ***Miller v. Alabama***, 132 S.Ct. 2455 (U.S. 2012) (mandatory life without parole for juvenile offenders violates Eighth Amendment), and ***Martinez v. Ryan***, 132 S.Ct. 1302 (U.S. 2012) (federal habeas court may excuse procedural default of trial counsel ineffectiveness claim where collateral counsel was ineffective). ***See*** Motion for Post Conviction Relief, 8/6/2012; Amended Petition Under the Post Conviction Collateral Relief Act, 4/9/2013; Objection to the Pa.R.Crim.P. 907 Notice of Dismissal, 10/1/2015. However, Harper does not repeat these claims in his brief on appeal, and accordingly, they are waived.

Moreover, neither decision provides him with a basis for relief. With regard to ***Miller***, although the United States Supreme Court held in

*(Footnote Continued Next Page)*

In his third, and final, claim, Harper asserts the ineffective assistance of trial counsel. However, since we have concluded Harper's petition was untimely filed, and this claim does not implicate any of the exceptions to the time-bar, Harper's third argument fails. ***See Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. 2016) ("[I]t is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA.").

Order affirmed.

*(Footnote Continued)* ————————

***Montgomery v. Louisiana***, 136 S.Ct. 718 (U.S. 2016), that it applies retroactively, the decision has no relevance here since Harper was over the age of 18 at the time he committed murder. ***See Commonwealth v. Furgess***, \_\_\_ A.3d \_\_\_, \_\_\_, 2016 WL 5416640, *2 (Pa. Super. 2016) ("The ***Miller*** decision applies to only those defendants who were 'under the age of 18 at the time of their crimes.'") (quotation omitted). With respect to ***Martinez***, that decision focused on federal *habeas* claims, and our Supreme Court has explained that any potential change in Pennsylvania jurisprudence to "account for the concerns of ***Martinez*** is one of policy, and it should await either the action of the General Assembly…or a case where the issue is properly joined." ***Commonwealth v. Holmes***, 79 A.3d 562, 584 (Pa. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2016